EL PUEBLO, DEMANDANTE Y APELADO, *v.* MIRANDA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción a la Ley de Arbitrios.

No. 1586.—Resuelto en enero 31, 1921.

ARBITRIOS—FACULTAD DE DENUNCIAR—DENUNCIA POR INFRINGIR LA LEY DE ARBITRIOS—ALAMBIQUES—EXCEPCIONES PRESENTADAS TARDÍAMENTE.—La facultad de denunciar las violaciones de la Ley de Arbitrios de 1902 no es exclusiva del Tesorero de Puerto Rico. La sección 88 de dicha ley no impide que formule la denuncia cualquier persona que tenga conocimiento de la comisión del delito; y la objeción de que la denuncia debió ser formulada por el Tesorero debe estimarse renunciada por no haber sido presentada antes del juicio.

ID.—TÍTULO DE LA LEY DE ARBITRIOS—ARTÍCULO 34 DEL BILL JONES—ALAMBIQUES.—No puede estimarse que sea nula la sección 61 de la Ley de Arbitrios por el fundamento de que la ley no comprende en su título la materia de alambiques, pues expresando que sus fines, entre otros, son los de proveer de rentas y regular la fabricación de bebidas alcohólicas y siendo el alambique el instrumento de la destilación es preciso concluir que implícitamente la regulación de la posesión de alambiques es uno de los fines de la ley comprendidos en su título.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. B. Buitrago y F. Martínez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una causa seguida contra el acusado por tener montado un alambique sin haberlo inscrito en la oficina del Tesorero de Puerto Rico, infringiendo así la sección 61 de la Ley de Arbitrios, de junio 15 de 1919.

El primer error que ha sido alegado es que la denuncia debió haber sido formulada por el Tesorero mismo. Se cita como autoridad el artículo 88 de la misma ley, la cual prescribe lo siguiente:

"Sección 88.—El Tesorero de Puerto Rico queda por la presente autorizado para imponer y cobrar, mediante procedimientos administrativos, a toda persona que dejare de observar cualesquiera de dichos reglamentos, o en los casos de infracciones menos graves de esta Ley, una multa que no exceda de diez (10) dólares por cada infracción, o podrá, a su juicio, denunciar a dicha persona ante el correspondiente tribunal por faltar a los reglamentos o por cometer una infracción de la ley. Toda persona que así fuere denunciada ante el tribunal por cualquier infracción a esta Ley o de los reglamentos, una vez convicta, será castigada con multa o prisión, o ambas penas, de acuerdo con lo específicamente dispuesto en la misma.

"Cuando el Tesorero de Puerto Rico impusiere una multa administrativa según queda dispuesto anteriormente, y no se efectuare el pago, dicho funcionario podrá incoar procedimientos en el tribunal correspondiente por infracción a las disposiciones de la ley o de los reglamentos que motivaron dicha multa; y convicto que fuere el reo de dicha infracción será castigado de acuerdo con lo dispuesto en esta Ley, como si los procedimientos hubiesen sido incoados ante el correspondiente tribunal desde un principio."

Nos inclinamos a creer con la corte inferior que cualquier ciudadano podría formular una denuncia, hiciérala o no el Tesorero, pero convenimos especialmente con el fiscal en que se renunció a esta objeción por no haber sido presentada

antes del juicio. *El Pueblo* v. *París,* 25 D. P. R. 111; *El Pueblo* v. *Rosaly,* 28 D. P. R. 474.

La otra objeción presentada fué que la ley en cuestión contenía más de un asunto que no se menciona en el título como lo prescribe el artículo 34 de la Ley Orgánica en el siguiente párrafo:

"No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título fuere incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título."

Esta sería una objeción privilegiada de ser cierta.

El objeto de la Ley de Arbitrios es "Proveer de rentas para el Pueblo de Puerto Rico, mediante la imposición de ciertos arbitrios y de licencias para ejercer determinadas profesiones, industrias o negocios; para regular la fabricación, uso y venta de preparaciones alcohólicas; para imponer ciertas penalidades; para derogar las leyes vigentes sobre arbitrios y licencias, y para otros fines."

Sólo hay una simple materia, arbitrios, su cobro y su regulación; pero de todos modos el fijar penas por la infracción del estatuto estaba claramente expresado en el título.

El apelante en la vista presentó argumentos que no incluyó en su alegato a saber que la sección 2 de la Ley Orgánica y el plebiscito sobre ella derogaron las prescripciones de la ley de rentas respecto al uso del alcohol. Estas cuestiones fueron discutidas y resueltas por nuestra decisión en el caso de *El Pueblo* v. *Rosaly, supra.*

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.